# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CAMPAIGN LEGAL CENTER
1411 K Street NW, Suite 1400
Washington, DC 20005

       Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530

       Defendant.

Civil Action No.

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Department of Justice to produce unredacted records responsive to a February 1, 2018 FOIA request concerning the addition of a "citizenship question" to the 2020 Census Questionnaire. Plaintiff seeks injunctive and other appropriate relief to compel defendant United States Department of Justice to disclose requested records.

## JURISDICTION AND VENUE

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Campaign Legal Center ("CLC") is a nonpartisan, nonprofit legal organization that works to strengthen American democracy at all levels of government. Among

other activities, CLC engages in local, state, and federal actions to ensure the political process is accessible to all citizens, resulting in a representative, responsive, and accountable government. As part of these activities, CLC conducts research, publishes reports and articles, and regularly provides expert analysis to the media. CLC is also involved in litigation throughout the country regarding voting rights matters, campaign finance, redistricting, and electoral ethics. To support these efforts and to educate the public, CLC regularly seeks information under FOIA regarding federal agency decision-making.

4. Defendant Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government. The Office of Information Policy ("OIP") and the Civil Rights Division ("CRD") are components of Defendant DOJ. Defendant DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

5. On February 1, 2018, CLC submitted to CRD a FOIA request for records pertaining to a request by Arthur E. Gary, the General Counsel of DOJ's Justice Management Division, to the Census Bureau to add a citizenship question to the 2020 Census Questionnaire. *See* Ex. 1 (Feb. 1, 2018 FOIA Letter).

6. In particular, CLC sought (1) documents to, from, or mentioning Dr. Ron Jarmin or Dr. Enrique Lamas; and (2) documents containing the phrases "2020 census," "long form," "citizenship question," "questions regarding citizenship," "ACS," "American Community Survey," "citizen voting age population," or "CVPA," dating from January 20, 2017 to the present.

7. CLC requested expedited processing because there is an "urgency to inform the public" about the "actual or alleged government activity" covered by the request and because the

requested records involve "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Indeed, the Census Bureau's decision to include a citizenship question on the 2020 census has gathered enormous media and public interest that affects public confidence in the government.

8. CRD responded to CLC's request on February 28, 2018. CRD provided no documents and claimed that all responsive documents were "intra-agency memorandum [sic] containing privileged pre-decisional deliberative material and attorney work product material," exempt from disclosure under 5 U.S.C. § 552(b)(5) ("Exemption 5"). *See* Ex. 2 (Feb. 28, 2018 CRD Response).

9. On March 22, 2018, Danielle Lang, Senior Legal Counsel at CLC, spoke with Mr. Hermilla, the Chief of the Freedom of Information/Privacy Acts Branch of the Civil Rights Division, on the phone. Ms. Lang requested a *Vaughn* index of the responsive documents so that CLC could analyze whether CRD's blanket withholding of documents is proper under Exemption 5. Mr. Hermilla denied the request. *See* Ex. 3 (March 27, 2018 CLC Appeal).

10. On March 27, 2018, CLC submitted an administrative appeal to OIP of CRD's decision to deny CLC's FOIA request. *See* Ex. 3 (March 27, 2018 CLC Appeal).

11. On information and belief, and as noted in CLC's administrative appeal, it is unlikely that there are no responsive documents whatsoever that are not covered by the Exemption 5. For example, communications from individuals outside of the government to DOJ employees would not be covered by Exemption 5. *See Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001).

12.     Likewise, on information and belief, the decision to request the addition of the "citizenship question" to the 2020 Census Questionnaire was made by DOJ in December 2017. Therefore, any subsequent documents are not "predecisional." *See Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993) ("[T]he deliberative process privilege protects materials that are both predecisional and deliberative.").

13.     Moreover, DOJ bears the burden of showing that each responsive document meets the requirements of the deliberative process privilege. Therefore, in its administrative appeal, CLC also requested a *Vaughn* index describing the responsive documents in sufficient detail to enable CLC to evaluate the claim that all documents are subject to Exemption 5. *See* Ex. 3 (March 27, 2018 CLC Appeal); *Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973).

14.     On April 2, 2018, OIP denied CLC's request for expedited treatment of the appeal, stating that "the other portions of your appeal will be responded to separately" and that the "appeal will be placed into chronological order with other pending appeals and will be addressed in turn" Ex. 4 (April 2, 2018 OIP Letter).

15.     To date, CLC has not received a determination regarding its administrative appeal.

16.     OIP has therefore exceeded the applicable deadline for responding to the appeal by failing to respond on or prior to April 24, 2018. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

17.     CLC has thus exhausted its administrative remedies. *See* U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records … shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

## CAUSE OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

18. Plaintiff repeats and alleges paragraphs 1-17.

19. Defendant's failure to make available complete records sought by CLC's request violates FOIA, 5 U.S.C. § 552(a)(3)(A).

20. Defendant has failed to make a determination with respect to Plaintiff's appeal within twenty working days as required by 5 U.S.C. § 552(6)(A)(ii).

21. Plaintiff has therefore exhausted its administrative remedies. *See* 5 U.S.C. § 552(6)(C)(i).

22. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents. *See* 5 U.S.C. 552(a)(B)(4) ("On complaint, the district court … has jurisdiction to enjoin the agency from withholding agency records.").

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendant DOJ to disclose all responsive records not covered by Exemption 5;

B. Order Defendant DOJ to produce a *Vaughn* index for all documents it claims fall into Exemption 5;

C. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court deems just and proper.

Dated: May 21, 2018

By: ___/s/ Adam Miller_____

BUCKLEY SANDLER LLP
Adam Miller (DC Bar # 496339)
1250 24th Street NW, Suite 700
Washington, DC 20037
202-349-7958
amiller@buckleysandler.com

CAMPAIGN LEGAL CENTER
Adav Noti (DC Bar # 490714)
Danielle M. Lang (DC Bar # 1500218)
1411 K Street NW, Suite 1400
Washington, DC 20005
202-736-2200
anoti@campaignlegalcenter.org
dlang@campaignlegalcenter.org

*Counsel for Plaintiff Campaign Legal Center*